Opinion by FORD, J.  In accordance with stipulation of counsel that certain items of the merchandise consist of sisal handbags similar in all material respects to those the subject of *United States* v. *Goldberg & Seltzer, Inc.* (36 C. C. P. A. 64, C. A. D. 399), the claim of the plaintiff was sustained.

**No. 53537.**—Aircargo Brokerage Co. et al. *v.* United States, protests 139977–K, etc. (Tampa).

Opinion by FORD, J.  In accordance with stipulation of counsel that certain items of the merchandise consist of sisal handbags similar in all material respects to those the subject of *United States* v. *Goldberg & Seltzer, Inc.* (36 C. C. P. A. 64, C. A. D. 399), the claims of the plaintiffs were sustained.

**No. 53538.**—Imports, Inc. *v.* United States, protest 141152–K (Tampa).

Opinion by FORD, J.  In accordance with stipulation of counsel that certain items of the merchandise consist of sisal handbags similar in all material respects to those the subject of *United States* v. *Goldberg & Seltzer, Inc.* (36 C. C. P. A. 64, C. A. D. 399), the claim of the plaintiff was sustained.

BEFORE THE THIRD DIVISION, SEPTEMBER 7, 1949

**No. 53539.**—Inter-Maritime Forwarding Co., Inc. *v.* United States, protest 145277–K (New York).

Opinion by CLINE, J.  At the trial it was stipulated that the 21 drawings, which were found in excess in entry 322025, are original drawings in pen and ink, not articles of utility or for industrial use, and not made by stenciling or any mechanical process.  It was further stipulated that the case be submitted on the stipulation and the official papers.  The official papers include a consignee's affidavit, Form 3309, filed in accordance with section 10.48, Customs Regulations of 1943, but it was conceded at the trial that the artist's certificate, Form 253, was not filed as to the drawings.  The court held that compliance